# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

Bankruptcy Case No. 18-40205 KHS

In re:
    Jerome Tillman Behrends,
        Debtor.

Thomas H. Behrends,
        Plaintiff,

vs.

Jerome Tillman Behrends,
        Defendant.

Adversary No. _____

**COMPLAINT**

For his Complaint, Plaintiff Thomas H. Behrends (hereinafter "Plaintiff"), states and alleges as follows:

## NATURE OF ACTION

1.    This adversary is being commenced under 11 U.S.C. § 523(a)(6) pursuant to the willful and malicious injury caused by the Defendant to Plaintiff, the result of which renders Defendant's debt to Plaintiff nondischargeable.

## THE PARTIES

2.    The Plaintiff Thomas H. Behrends is an individual residing at 78739 – 320th Avenue, Worthington, Minnesota.

3.    Jerome Tillman Behrends is a person residing at 821 Shady Ridge Lane, Braham, Minnesota and is the debtor in the above captioned bankruptcy.

## JURISDICTION AND VENUE

4.    The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and this adversary proceeding arises in and relates to the bankruptcy petition for

relief under Chapter 7 of the Bankruptcy Code filed on January 24, 2018, and that matter is pending before this Court.

5. This proceeding is a core proceeding under 28 U.S.C. §§ 157 (b)(2)(A) and (F). This action is brought pursuant to Federal Rules of Bankruptcy Procedure 7001 et seq., and Local Rules 7004-2 et seq. This cause of action arises under 11 U.S.C. § 523.

6. Venue is proper before this court under 28 U.S.C. §§ 1408 and 1409.

## FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

7. Defendant Jerome Tillman Behrends filed a voluntary petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code on January 24, 2018.

8. Prior to his bankruptcy filing, the parties were engaged in litigation in civil court. The Plaintiff commenced a lawsuit on or about May 4, 2016. The case number for the action in Jackson County, District of Minnesota is 32-CV-16-72. This action was timely filed pursuant to the Minnesota Child Victim Act, Minnesota Statute section 541.073 (2013).

9. The parties engaged in various discovery, scheduling conferences, and ADR, all of which the Defendant protracted out whenever possible, eventually filing the present bankruptcy case to disrupt the civil suit.

10. The civil lawsuit was based upon the injury and abuse perpetrated by the Defendant upon Plaintiff as described below.

11. On or about the summer of 1971, when Plaintiff was approximately ten years old, the Defendant coerced and forced Plaintiff to perform fellatio on Defendant, at Defendant's parents' home in Nobles County, Minnesota.

12. That the incident described above constituted sexual abuse, assault and battery and a violation of familial trust.

13. That at the time of the abuse, Defendant was approximately eighteen years old.

14. As a result of the abuse, Plaintiff had a troubled youth, with periods of depression, self-medication with drugs and alcohol and relationship dysfunction.

15. An effect of the abuse, having taken place at a young age, prevented Plaintiff from enjoying a normal adolescence and has resulted in, suffering from great mental health issues for years, to this day, and probably for the remainder of his life.

16. Plaintiff was diagnosed with post-traumatic stress disorder (PTSD) while being screened for PTSD after a tour in Iraq.

17. The post-combat PTSD screening, determined that Plaintiff did not suffer from combat-related PTSD, but from childhood sexual abuse-related PTSD

18. The Plaintiff first began experiencing the symptoms of PTSD following the abuse perpetrated by the Defendant, which resulted in and continuing feelings of betrayal, shame, and embarrassment related to the memories of the abuse.

19. The abuse has weighed on Plaintiff's life since it occurred, has affected every relationship Plaintiff has been in, and has affected Plaintiff financially as he has self-medicated to numb memory of the incident - which has resulted in a reduced capacity to work.

20. The loss of time and productivity both professionally and personally because of the effects of the abuse is irreplaceable.

## COUNT I – WILLFUL AND MALICIOUS INJURY
## 11 U.S.C. § 523(a)(6)

21. Plaintiff realleges each of the allegations in the foregoing paragraphs as if fully set forth herein.

22. The Defendant knew or should have known that his actions described herein were abusive and would cause harm and injury to the Plaintiff.

23. The Defendant knew or should have known that injury to Plaintiff was substantially certain to result from the Defendant's conduct.

24. The Defendant's actions perpetrated against the Plaintiff were willful and malicious.

25. As a result of the willful and malicious injury to the Plaintiff, the Defendant is not entitled to discharge the debt resulting from the damages caused to Plaintiff by Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Determining that any debt owed to Plaintiff for damages as a result of the injury Defendant cause to Plaintiff are excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

2. Asking the Court to liquidate the damages due to Plaintiff in the form of a money judgment;

3. For determining Plaintiff's damages, reasonable costs and fees including attorneys' fees; and

4. For such other and further relief as the Court deems just and equitable.

**LAMEY LAW FIRM P.A.**

**Dated:** May 2, 2018

*/e/* John D. Lamey III_____
John D. Lamey III, #0312009
Elaine D.W. Wise, #0387871
Attorneys for Plaintiff
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651.209.3550